WILLIAM B. KUNZ, complainant-appellant,

*v.*

BARNEGAT PINES REALTY COMPANY, INCORPORATED, a corporation, defendant-respondent.

[Submitted May 29th, 1931.   Decided October 19th, 1931.]

*Mr. Aquila N. Venino,* for the appellant.

*Messrs. Egner & Beatty,* for the respondent.

The opinion of the court was delivered by

TRENCHARD, J.

This is the appeal of the complainant below from an order of the court of chancery dismissing his bill.

The complainant, Kunz, by his bill asks for the cancellation of a deed for lands, dated September 20th, 1929, and for the return of his purchase-money, which deed was delivered to him by the defendant company in pretended compliance with a contract dated February 24th, 1928, whereby it agreed to sell and convey to the complainant certain specific lots in a tract which defendant owned in Ocean county, for the purchase price of $600. By the terms of the contract the purchase price was to be paid in installments, the last installment being payable in September, 1929.

Upon the trial the complainant proved, without substantial dispute, the following matters of fact: The defendant company was the owner of a large tract of land which it had

mapped out in lots and proposed streets. It contracted to convey to the complainant (who resided in a distant part of the state) six of those lots designating them therein by numbers indicated on the map. After making the contract and before the delivery of the deed, the defendant, without the knowledge of the complainant, proceeded to excavate large amounts of red gravel from the six lots (incidentally destroying the trees), which lots were the subject-matter of the contract. The complainant had no knowledge of the exact location of the lots, and, although he learned by visiting the tract that this excavating was being done by the defendant, he did not know that it was being done upon the property which the defendant had contracted to sell him, and did not discover the true situation until two weeks after he had made the final payment of purchase-money and had received a deed from the defendant. When he made the discovery he took the deed back to the defendant—not having yet had it recorded —and tendered it to the manager of the defendant company, and demanded a return of the purchase-money paid, and a cancellation of the deed. This was refused, and thereupon he instituted the present suit.

At the conclusion of the complainant's evidence, the learned vice-chancellor stated that he was ready to decide the case at once; that he did not think it was necessary to put in any defense; that the sole question was whether the complainant bought the property in good faith—whether there was any misrepresentation or fraud in the matter; that according to the testimony of the complainant he went to visit this property several times while he was paying the installments and knew of the excavation of gravel from the tract, and that it was his duty then to find out whether or not this was being done on his property, and that, if he could not determine that by his own measurements, he should have had an engineer locate his lots, and that he was clearly in laches. Having reached such conclusion the vice-chancellor advised an order dismissing the bill.

We think that the conclusion of the vice-chancellor was, to the extent herein indicated, erroneous in fact, and was erroneous in law.

As we have pointed out, the defendant company had mapped out the tract in lots and proposed streets, the lots being designated by numbers on a map in its possession. The presumption is that it knew the precise location of the lots which it contracted to sell to the complainant, for the contract described the lots by the numbers indicated on the map. Its action in digging large amounts of gravel from these lots (and the consequent destruction of trees), after contracting to sell these lots to the complainant and receiving the consideration from him, and before the delivery of the deed, was a plain invasion of his rights, and the fact that he did nothing whilst in ignorance of such unlawful conduct of the corporation, was not such laches as to bar the relief by a cancellation of the deed and the return of his purchase-money which he now seeks, for there was nothing to make him suspect that the company was violating its agreement with him and largely destroying the value of the lots which were the subject-matter of the contract, until after he had a survey made, and then he promptly brought this suit.

Counsel for the defendant below—the present respondent—argues that the court of chancery was without jurisdiction to grant the relief sought, and that the only remedy was an action at law for recovery of the moneys paid by the complainant to the defendant.

But we think that contention is not well founded. The case stated by the bill, and supported by the proofs, is one of fraudulent imposition. The gravamen of the complainant's bill was that the defendant had in bad faith amounting to fraud or misrepresentation delivered to the complainant a deed which was far from a compliance with its contract, and which he accepted in ignorance of the true situation. No doubt, in such case, the court of chancery may properly assume jurisdiction where, as here, it is necessary for the purpose of administering justice. In a case such as this an action at law for the return of the purchase price would afford but partial relief to the complainant. A refusal of the court of chancery to assume jurisdiction would leave the contract outstanding and the title of the land in the complainant.

For his own protection, if he makes out a case after full hearing, he is entitled to have the contract and deed canceled, and so be relieved of any obligation thereunder, and is also entitled to a return of the purchase-money paid. *Eggers* v. *Anderson, 63 N. J. Eq. 264; Erdmann* v. *Gregg, 90 N. J. Eq. 363; Chapin Publicity Co.* v. *Saybrook Holding Corp., 105 N. J. Eq. 215.*

The order under review will be reversed, with costs, and the record remitted to the court of chancery for further proceedings.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 14.